## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

GARY LEE NEWELL,                                CV 10-15-M-DWM-JCL

          Plaintiff,                              FINDINGS AND
                                                RECOMMENDATION
    vs.                                         OF UNITED STATES
                                                MAGISTRATE JUDGE
LAKE COUNTY/LAKE COUNTY
COURT; JUDGE CHUCK WALL;
CLERK ANITA KOVARIK; and
CLERK SHAWN DOMBROSKY,

          Defendants.

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Gary Newell filed a Complaint, together with a Motion to Proceed

*In Forma Pauperis*.  With respect to Newell's *in forma pauperis* motion, "[a]

district court may deny leave to proceed in forma pauperis at the outset if it

appears from the face of the proposed complaint that the action is frivolous or

without merit."  *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998)

(quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).

An *in forma pauperis* complaint is frivolous if it has "no arguable basis in fact or

law."  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

FINDINGS AND RECOMMENDATION - Page 1

For the reasons discussed below, the Court concludes it lacks subject matter jurisdiction over the matters alleged in Newell's Complaint.  Newell's Complaint has no arguable basis in law, and is without merit.  Thus, his Motion to Proceed *In Forma Pauperis* should be denied, and this action should be dismissed.

## II.  PLAINTIFF'S ALLEGATIONS

Newell's Complaint stems from proceedings which occurred in a civil action he filed in Small Claims Court in Lake County, Montana.  In June, 2007, Newel filed a complaint seeking compensation for damages he sustained when a tree fell on his home which is a Winnebago camper.  The presiding Justice of the Peace, Chuck Wall, heard Newell's case in August, 2007, and he took the matter under advisement.

During the pendency of his Small Claims Court action, Newell changed his mailing address.  In April or May, 2008, Newell advised the Clerks of Court, Anita Kovarik and Shawn Dombrosky, of his change of address.

In July, 2008, Justice Wall issued a Judgment in Newell's case.  Although Newell notified Kovarik and Dombrosky of his change of address, they sent a copy of the Judgment to Newell's old address.  Consequently, Newell did not receive a copy of the Judgment until September, 2008.

FINDINGS AND RECOMMENDATION - Page 2

The Judgment in Newell's Small Claims Court action awarded Newell only a portion of the damages he requested in the case.  But, when he attempted to appeal the Judgment to the state district court under Mont. Code Ann. § 25-35-803 after receiving the Judgment in September, 2008, Dombrosky informed Newell that his appeal was untimely because more than 10 days had passed since the entry of the Judgment in July, 2008.  The Court notes that Newell's Complaint does not indicate whether he actually filed a notice of appeal, whether a state court dismissed his notice of appeal, or whether he never filed a notice of appeal due to what Dombrosky told him.

Newell states he attempted to collect on the Judgment.  Newell complains, however, that debt collectors informed him that the Judgment had no value because "there was no name on it."  Dkt. # 1 at 8 of 9.

Newell filed the instant action asserting he has not obtained the relief he sought in the Small Claims Court action.  He alleges the Small Claims Court procedures were ineffective and inefficient, and he complains that Defendants have obstructed his efforts to obtain justice and adequate compensation for his damages caused by the fallen tree.

**III.  DISCUSSION**

FINDINGS AND RECOMMENDATION - Page 3

Because Newell is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A.  Suject Matter Jurisdiction

Even with liberal construction of Newell's allegations, the Court concludes it lacks subject matter jurisdiction - under the *Rooker-Feldman* doctrine - to review the matters asserted in Newell's Complaint. The doctrine, which derives it name from two Supreme Court Cases - *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) - "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 544 F.3d 988, 995 (9th Cir. 2008). The doctrine rests on the notion that federal district courts are courts of limited

FINDINGS AND RECOMMENDATION - Page 4

jurisdiction.  Pursuant to 28 U.S.C. § 1257 the United States Supreme Court, and not the lower federal courts, possesses the exclusive jurisdiction to review decisions rendered by a state court.  *Carmona*, 544 F.3d at 995.  Therefore, the *Rooker-Feldman* doctrine bars suits complaining of "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Carmona*, 544 F.3d at 995 (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* doctrine not only bars a litigant's attempt at a direct appeal, but it also bars de facto appeals of state court decisions.  *See Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003).   According to the Ninth Circuit, "[a] suit brought in federal court is a 'de facto appeal' forbidden by *Rooker-Feldman*, when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Carmona*, 544 F.3d at 995 (quoting *Noel*, 341 F.3d at 1164).  Additionally,

> [a] federal action constitutes such a de facto appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling <u>or require the district court to interpret the application of state laws or procedural rules</u>." [...] In such circumstances, "the district court is in essence being called upon to review the state court decision."

FINDINGS AND RECOMMENDATION - Page 5

*Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (emphasis added) (citations omitted).

Where the federal district court finds itself "dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision," it "must refuse to hear the forbidden appeal." *Noel*, 341 F.3d at 1158.  "As a part of that refusal, [the court] must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158.  The court must not decide any issues that are "'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought."  *Id.*

Here, it is clear from the face of Newell's Complaint that, in substance, his pleading presents a de facto appeal challenging the Judgment issued by Justice of the Peace Wall.  Newell's allegations assert, inter alia, that the Judgment represents an erroneous decision in that it fails to award him all of the damages he sought in the Small Claims Court.  Specifically, Newell requests that this Court award him damages that Justice of the Peace Wall refused to award in the Judgment he issued.  Such a prayer for relief cannot be characterized as anything other than a forbidden de facto appeal of the Small Claims Court Judgment which this Court "must refuse to hear."  *Noel*, 341 F.3d at 1154.

FINDINGS AND RECOMMENDATION - Page 6

The balance of Newell's claims for relief challenge other procedural issues that are "inextricably intertwined" with the issuance of the Judgment. Newell's Complaint would necessarily require the Court to review the Small Claims Court Judgment, and the events surrounding the issuance of that Judgment. This Court would have "to interpret the application of state laws or procedural rules" as they apply to Newell's Small Claims Court action. Thus, in accordance with *Reusser*, supra, the *Rooker-Feldman* doctrine bars review of Newell's inextricably intertwined claims. Therefore, the Court lacks jurisdiction over this action.

## B.  Access to the Courts

As noted above, Newell's pleading is not clear as to whether Newell actually filed a notice of appeal, or whether he merely chose not to do so since Dombrosky informed him his appeal was untimely. Consequently, Newell's allegations against Dombrosky and Kovarik, including his allegations that they failed to send a copy of the Judgment to Newell's new mailing address, could be construed as a claim that they interfered with Newell's right of access to the courts.

The United States Constitution protects an individual's right of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). The right is implicated in situations where a plaintiff alleges he can no longer pursue some

FINDINGS AND RECOMMENDATION - Page 7

legal claim he previously had due to the conduct of a person acting under color of state law - referred to as a "backward-looking" access-to-the-courts claim. *Christopher*, 536 U.S. at 415-16.  A backward-looking claim could arise, for example, where a state actor caused "the loss of an opportunity to seek some particular order of relief[.]"  *Id*. at 414.  Newell's claims potentially fall within this category of backward-looking claims.

To state a claim for the denial of access to the courts a plaintiff must identify and establish (1) a "nonfrivolous," or "arguable" underlying claim the plaintiff had, (2) the official acts that frustrated the litigation of the underlying claim, and (3) a specific "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  *Christopher*, 536 U.S. at 415.  Additionally, a plaintiff must allege and prove that the official's conduct rendered "any state court remedies ineffective."  *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998) (citation omitted).

Newell's allegations fail to demonstrate that Kovarik and Dombrosky's conduct rendered his state court remedies ineffective.  Despite Newell's late receipt of a copy of the Judgment, and despite being told that his appeal would be untimely, Kovarik and Dombrosky's conduct did not prevent Newell from still filing a late notice of appeal under Mont. Code Ann. 25-35-803.  Through that

FINDINGS AND RECOMMENDATION - Page 8

appeal, Newell could then have argued that his untimely notice should have been permitted because, through no fault of his own, he did not timely receive a copy of the Judgment. Thus, despite Kovarik and Dombrosky's alleged conduct, they did not render his state procedural remedies ineffective. Newell's claims against these Defendants lack merit and should be dismissed.

## IV. CONCLUSION

Based on the foregoing **IT IS HEREBY RECOMMENDED** that Newell's Motion to Proceed *In Forma Pauperis* be **DENIED**, and this action should be **DISMISSED** for lack of jurisdiction.

In accordance with *Minetti*, supra, the Court is not required to give Newell an opportunity to file written objections to the recommendation that his *in forma pauperis* motion be denied. *Minetti*, 152 F.3d at 1114. Therefore, the Clerk of Court is instructed to immediately forwarded this recommendation to District Judge Donald W. Molloy for his consideration.

DATED this 24th day of February, 2010.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION - Page 9